ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs        E-Filing

6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

**ORIGINAL**
**FILED**

MAR   9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11 | CRAIG YATES, an individual; and      ) | CASE NO. CO7-1403-MJJ
12 | DISABILITY RIGHTS ENFORCEMENT,       ) | **Civil Rights**
13 | EDUCATION, SERVICES: HELPING         ) |
   | YOU HELP OTHERS, a California public ) | **COMPLAINT FOR INJUNCTIVE RELIEF**
   | benefit corporation,                 ) | **AND DAMAGES:**

14 |        Plaintiffs,                    ) | **1st CAUSE OF ACTION:** For Denial of Access
15 |                                       ) | by a Public Accommodation in Violation of the
   | v.                                    ) | Americans with Disabilities Act of 1990 (42
16 |                                       ) | U.S.C. §12101, *et seq.*)

17 | NEW TIN'S MARKET; MEE FONG YU;       ) | **2nd CAUSE OF ACTION:** For Denial of Full
18 | SUNG TING SUNG SUPERMARKET,          ) | and Equal Access in Violation of California
   | INC.; P&L INTERNATIONAL TRADING      ) | Civil Code §§54, 54.1 and 54.3
   | CO., INC.                            ) |

19 |        Defendants.                    ) | **3rd CAUSE OF ACTION:** For Denial of
   |                                       ) | Accessible Sanitary Facilities in Violation of
20 |                                       ) | California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1 Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,
2 EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
3 corporation (hereinafter sometimes referred to as "DREES"), complain of defendants MEE
4 FONG YU; SUNG TING SUNG SUPERMARKET, INC.; P&L INTERNATIONAL TRADING
5 CO., INC. and allege as follows:

6 **INTRODUCTION:**

7     1.     This is a civil rights action for discrimination against persons with physical
8 disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are
9 members, for failure to remove architectural barriers structural in nature at defendants' NEW
10 TIN'S MARKET, a place of public accommodation, thereby discriminatorily denying plaintiffs
11 and the class of other similarly situated persons with physical disabilities access to, the full and
12 equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,
13 and accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the
14 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,
15 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16     2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
17 April 9, 2006, April 10, 2006, May 10, 2006, June 1, 2006, June 12, 2006, January 11, 2007,
18 January 25, 2007, and February 1, 2007, was an invitee, guest, patron, customer at defendants'
19 NEW TIN'S MARKET, in the City of Oakland, California. At said time and place, defendants
20 failed to provide proper legal access to the market, which is a "public accommodation" and/or a
21 "public facility" including, but not limited to signage, parking, path of travel, and check out
22 counter. The denial of access was in violation of both federal and California legal requirements,
23 and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and
24 was embarrassed and humiliated.

25 **JURISDICTION AND VENUE:**

26     3.     **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.
27 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
28 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  nucleus of operative facts and arising out of the same transactions, are also brought under parallel
2  California law, whose goals are closely tied with the ADA, including but not limited to violations
3  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
4  *seq.*, including §19959; Title 24 California Building Standards Code.

5      **4.**      **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
6  founded on the facts that the real property which is the subject of this action is located at/near
7  310 7th Street, in the City of Oakland, County of Alameda State of California, and that plaintiffs'
8  causes of action arose in this county.

9  **PARTIES:**

10      5.      Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
11  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
12  disabled", "physically handicapped" and "person with physical disabilities" are used
13  interchangeably, as these words have similar or identical common usage and legal meaning, but
14  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
15  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other
16  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
17  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
18  and United States laws. Plaintiff is a paraplegic. Plaintiff CRAIG YATES requires the use of a
19  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
20  portion of the public whose rights are protected by the provisions of Health & Safety Code
21  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
22  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
23  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
24  §12101, *et seq.*

25      6.      Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
26  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works
27  with persons with disabilities to empower them to be independent in American society. DREES
28  accomplishes its goals and purposes through education on disability issues, enforcement of the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | rights of persons with disabilities, and the provision of services to persons with disabilities, the
2 | general public, public agencies and the private business sector.  DREES brings this action on
3 | behalf of its members, many of whom are persons with physical disabilities and whom have
4 | standing in their right to bring this action.

5 |     7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests
6 | and invitees at the subject NEW TIN'S MARKET, and that the interests of plaintiff DREES in
7 | removing architectural barriers at the subject market advance the purposes of DREES to assure
8 | that all public accommodations, including the subject market, are accessible to independent use
9 | by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely
10 | statutory in nature.

11 |     8.    Defendants MEE FONG YU; SUNG TING SUNG SUPERMARKET, INC.; P&L
12 | INTERNATIONAL TRADING CO., INC.(hereinafter alternatively collectively referred to as
13 | "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners,
14 | lessors and/or lessees, of the public accommodation known as  NEW TIN'S MARKET, located
15 | at/near 310 7th Street, Oakland, California, or of the building and/or buildings which constitute
16 | said public accommodation.

17 |     9.    At all times relevant to this complaint, defendants MEE FONG YU; SUNG TING
18 | SUNG SUPERMARKET, INC.; P&L INTERNATIONAL TRADING CO., INC , own and
19 | operate in joint venture the subject market as a public accommodation.  This business is open to
20 | the general public and conducts business therein.  The business is a "public accommodation" or
21 | "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,*
22 | Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

23 |     10.    At all times relevant to this complaint, defendants MEE FONG YU; SUNG TING
24 | SUNG SUPERMARKET, INC.; P&L INTERNATIONAL TRADING CO., INC are jointly and
25 | ///
26 | ///
27 | ///
28 |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1  severally responsible to identify and remove architectural barriers at the subject pursuant to Code

2  of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

3        **§ 36.201      General**

4              (b) *Landlord and tenant responsibilities.* Both the landlord
             who owns the building that houses a place of public
5             accommodation and the tenant who owns or operates the place of
             public accommodation are public accommodations subject to the
6             requirements of this part. As between the parties, allocation of
             responsibility for complying with the obligations of this part may
7             be determined by lease or other contract.

8        28 CFR §36.201(b)

9  **PRELIMINARY FACTUAL ALLEGATIONS:**

10       11.     The NEW TIN'S MARKET, is a grocery and fish store, located at/near 310 7th

11  Street, Oakland, California. The NEW TIN'S MARKET, its signage, parking, path of travel, and

12  check out counter, and its other facilities are each a "place of public accommodation or facility"

13  subject to the barrier removal requirements of the Americans with Disabilities Act. On

14  information and belief, each such facility has, since July 1, 1970, undergone "alterations,

15  structural repairs and additions", each of which has subjected the market and each of its facilities,

16  its signage, parking, path of travel, and check out counter to disability access requirements per

17  the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

18  California Code of regulations (Title 24).

19       12.     At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

20       13.     At all times referred to herein and continuing to the present time, defendants, and

21  each of them, advertised, publicized and held out the NEW TIN'S MARKET as being

22  handicapped accessible and handicapped usable.

23       14.     On or about April 9, 2006, April 10, 2006, May 10, 2006, June 1, 2006, June 12,

24  2006, January 11, 2007, January 25, 2007, and February 1, 2007, plaintiff CRAIG YATES was

25  an invitee and guest at the subject NEW TIN'S MARKET, for purposes of shopping for Asian

26  foods.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   15.   On or about April 9, 2006, April 10, 2006, May 10, 2006, June 1, 2006, June 12,
2   2006, January 11, 2007, January 25, 2007, and February 1, 2007, plaintiff CRAIG YATES
3   consistently encountered barriers in the parking lot.

4   16.   At said times and place, plaintiff CRAIG YATES when entering the parking lot
5   found a single parking stall without an access aisle that had the International Symbol of
6   Disability painted on the surface of the asphalt of the stall. The paint was extremely faded and
7   chipped. The sign was quite legible. This stall always had boxes, trash, forklift and other things
8   in it or blocking it. This stall was not usable for parking by a person with a disability desiring to
9   park a vehicle in said stall.

10   17.   Plaintiff CRAIG YATES wrote the landlord and tenant multiple times, a total of
11   six letters, concerning access. Plaintiff CRAIG YATES never received a response to his letters
12   of May 25, 2006, June 30, 2006, and January 21, 2007.

13   18.   At said times through June of 2006 and place, plaintiff CRAIG YATES also
14   encountered paths of travel in the market (aisle ways) which were blocked or impeded
15   wheelchair use because products were stacked in the aisle ways.

16   19.   In the summer of 2006, part or all of NEW TIN'S MARKET was destroyed by
17   fire. The market was repaired and/or rebuilt and reopened for business on or about November or
18   December of 2006. However, no remedial measures were undertaken to provide for handicapped
19   parking and signage. The same old faded parking stall was not remarked to comply with
20   ADAAG.

21   20.   On or about January 11, 2007, plaintiff CRAIG YATES returned to NEW TIN'S
22   MARKET. Once again plaintiff CRAIG YATES encountered parking stall and signage barriers
23   and a high cashier/service counter.

24   21.   On or about January 21, 2007, plaintiff CRAIG YATES wrote his last letter
25   regarding the problems to the landlord and tenant and got no response.

26   22.   Therefore, at said times and place, plaintiff CRAIG YATES, a person with a
27   disability, encountered the following inaccessible elements of the subject NEW TIN'S MARKET
28   which constituted architectural barriers and a denial of the proper and legally-required access to a

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1   public accommodation to persons with physical disabilities including, but not limited to:

2           a.    lack of disabled van accessible parking stall(s);

3           b.    disabled parking signage;

4           c.    lack of handicapped accessible parking signage;

5           d.    lack of tow-a-way signage;

6           e.    lack of an accessible aisle ways within the market;

7           f.    lack of handicapped accessible service/cashier counter;

8
9           g.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

10       23.    At all times stated herein, the existence of architectural barriers at defendants'

11   place of public accommodation evidenced "actual notice" of defendants' intent not to comply

12   with the Americans with Disabilities Act of 1990 either then, now or in the future.

13       24.    On or about May 25, 2006, June 30, 2006, and January 21, 2007, defendant(s)

14   were sent six letters by or on behalf of plaintiff CRAIG YATES advising of the existence of

15   architectural barriers, requesting a response and requesting remedial measures be undertaken or

16   an explanation of why the time limit set could not be met and/or extenuating circumstances. Said

17   letters are attached hereto collectively as exhibit "A" and incorporated by reference as though

18   fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in

19   an early and reasonable resolution of the matter.

20       25.    At all times stated herein, defendants, and each of them, were "negligent per se"

21   in not removing architectural barriers determined by the Department of Justice to be considered a

22   safety concern/safety hazard where it was readily achievable for said public accommodation to

23   remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36,

24   and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as

25   a legal result of defendants breach of duty to remove those barriers encountered by plaintiff,

26   plaintiff suffered bodily injury.

27       26.    As a legal result of defendants MEE FONG YU, SUNG TING SUNG

28                     SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC., and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1 DOES 1-20, inclusive's failure to act as a reasonable and prudent public accommodation in
2 identifying, removing or creating architectural barriers, policies, practices and procedures that
3 denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as
4 alleged herein.

5      27.     As a further legal result of the actions and failure to act of defendants, and as a
6 legal result of the failure to provide proper handicapped-accessible public facilities as set forth
7 herein, plaintiffs were denied their civil rights to full and equal access to public facilities.
8 Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with
9 physical disabilities to full and equal access to public facilities. Further, plaintiff CRAIG YATES
10 suffered physical discomfort, emotional distress, mental distress, mental suffering, mental
11 anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger,
12 disappointment and worry, expectedly and naturally associated with a person with physical
13 disabilities being denied access, all to his damages as prayed hereinafter in an amount within the
14 jurisdiction of this court. No claim is being made for mental and emotional distress over and
15 above that usually associated with the discrimination and physical injuries claimed, and no expert
16 testimony regarding this usual mental and emotional distress will be presented at trial in support
17 of the claim for damages.

18      28.     Defendants', and each of their, failure to remove the architectural barriers
19 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
20 accommodation, and continues to create continuous and repeated exposure to substantially the
21 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

22      29.     Plaintiff  CRAIG YATES and the membership of DREES were denied their rights
23 to equal access to a public facility by defendants MEE FONG YU, SUNG TING SUNG
24 SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC.,because defendants
25 MEE FONG YU, SUNG TING SUNG SUPERMARKET INC., P&L INTERNATIONAL
26 TRADING CO., INC., [i.e., maintained a market without access for persons with physical
27 disabilities to its facilities, including but not limited to signage, parking, path of travel, and check
28 out counter, and other public areas as stated herein], and continue to the date of filing this

COMPLARNT FOR INJUNCTIVE RELIEF AND DAMAGES

1  complaint to deny equal access to plaintiff and other persons with physical disabilities in these
2  and other ways.

3      30.    On information and belief, construction alterations carried out by defendants have
4  also triggered access requirements under both California law and the Americans with Disabilities
5  Act of 1990.

6      31.    Plaintiffs, as described herein below, seek injunctive relief to require the NEW
7  TIN'S MARKET to be made accessible to meet the requirements of both California law and the
8  Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
9  operate the market as a public facility.  Plaintiffs seek damages for violation of their civil rights
10  on April 9, 2006, April 10, 2006, May 10, 2006, June 1, 2006, June 12, 2006, January 11, 2007,
11  January 25, 2007, and February 1, 2007, and they seek statutory damages of not less than $4,000,
12  pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day
13  after his visit that plaintiff CRAIG YATES was deterred from returning to the market because of
14  his knowledge and belief that the premises was and remains inaccessible to persons with
15  disabilities.

16      32.    On information and belief, defendants have been negligent in their affirmative
17  duty to identify the architectural barriers complained of herein and negligent in the removal of
18  some or all of said barriers.

19      33.    Because of defendants' violations, plaintiffs and other persons with physical
20  disabilities are unable to use public facilities such as those owned and operated by defendants on
21  a "full and equal" basis unless such facility is in compliance with the provisions of the
22  Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et
23  seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court
24  compelling defendants to make the NEW TIN'S MARKET accessible to persons with
25  disabilities.

26      34.    On information and belief, defendants have intentionally undertaken to modify
27  and alter existing building(s), and have failed to make them comply with accessibility

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other markets, grocery stores, fish purveyors and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

35.    Plaintiffs are informed and believe and therefore allege that defendants MEE FONG YU, SUNG TING SUNG SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC., and each of them, caused the subject building(s) which constitute the NEW TIN'S MARKET to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the market and were denied full and equal use of said public facilities. Furthermore, on information and belief, defendants have continued to maintain and operate said market and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the market and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the disability community which DREES serves. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

36.    On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the NEW TIN'S MARKET and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, the plaintiff CRAIG YATES himself,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

owners of other markets, restaurants and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the NEW TIN'S MARKET accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the market. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

37.     Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
benefit corporation and Against Defendants MEE FONG YU, SUNG TING SUNG
SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC., inclusive)
(42 U.S.C. §12101, *et seq.*)

38.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 37 of this complaint.

39.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

protect:

some 43 million Americans with one or more physical or mental
disabilities; [that] historically society has tended to isolate and
segregate individuals with disabilities; [that] such forms of
discrimination against individuals with disabilities continue to be a
serious and pervasive social problem; [that] the nation's proper
goals regarding individuals with disabilities are to assure equality
of opportunity, full participation, independent living and economic
self-sufficiency for such individuals; [and that] the continuing
existence of unfair and unnecessary discrimination and prejudice
denies people with disabilities the opportunity to compete on an
equal basis and to pursue those opportunities for which our free
society is justifiably famous.

40.    Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and
comprehensive national mandate for the elimination of
discrimination against individuals with disabilities; (2) to provide
clear, strong, consistent, enforceable standards addressing
discrimination against individuals with disabilities; (3) to ensure
that the Federal government plays a central role in enforcing the
standards established in this act on behalf of individuals with
disabilities; and (4) to invoke the sweep of Congressional
authority, including the power to enforce the 14th Amendment and
to regulate commerce, in order to address the major areas of
discrimination faced day to day by people with disabilities.

41.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

(hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

accommodations identified for purposes of this title was:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

(7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

42 U.S.C. §12181(7)(E)

42.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

43.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1  The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA,
2  Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* -
3  Effective January 31, 1993, the standards of the ADA were also incorporated into California
4  Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and
5  52(a) and 54.3.

6      44.    The removal of the barriers complained of by plaintiffs as hereinabove alleged
7  was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of NEW
8  TIN'S MARKET pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if
9  the removal of all the barriers complained of herein together was not "readily achievable," the
10 removal of each individual barrier complained of herein was "readily achievable."  On
11 information and belief, defendants' failure to remove said barriers was likewise due to
12 discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
13 (b)(2)(A)(i)and (ii).

14     45.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
15 accomplishable and able to be carried out without much difficulty or expense."  The statute
16 defines relative "expense" in part in relation to the total financial resources of the entities
17 involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that
18 plaintiffs complain of herein were and are "readily achievable" by the defendants under the
19 standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was
20 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
21 make the required services available through alternative methods which were readily achievable.

22     46.    On information and belief, construction work on, and modifications of, the subject
23 building(s) of NEW TIN'S MARKET occurred after the compliance date for the Americans with
24 Disabilities Act, January 26, 1992, independently triggering access requirements under Title III
25 of the ADA.

26     47.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
27 *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
28 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

48.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions". Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about February 1, 2007, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

49.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.** (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MEE FONG YU, SUNG TING SUNG SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.)*

50.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 49 of this complaint.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1    51.    At all times relevant to this action, California Civil Code §54 has provided that

2  persons with physical disabilities are not to be discriminated against because of physical

3  handicap or disability. This section provides that:

4              (a) Individuals with disabilities . . . have the same rights as
              the general public to full and free use of the streets, highways,
5              sidewalks, walkways, public buildings, medical facilities, including
              hospitals, clinics, and physicians' offices, and other public places.

6    52.    California Civil Code §54.1 provides that persons with disabilities shall not be

7  denied full and equal access to places of public accommodation or facilities:

8              (a)(1) Individuals with disabilities shall be entitled to full
              and equal access, as other members of the general public, to
9              accommodations, advantages, facilities, medical facilities,
              including hospitals, clinics, and physicians' offices, and privileges
10             of all common carriers, airplanes, motor vehicles, railroad trains,
              motorbuses, streetcars, boats, or any other public conveyances or
11             modes of transportation (whether private, public, franchised,
              licensed, contracted, or otherwise provided), telephone facilities,
12             adoption agencies, private schools, hotels, lodging places, places of
              public accommodation, amusement or resort, and other places to
13             which the general public is invited, subject only to the conditions
              and limitations established by law, or state or federal regulation,
14             and applicable alike to all persons.

15           Civil Code §54.1(a)(1)

16    53.    California Civil Code §54.1 further provides that a violation of the Americans

17  with Disabilities Act of 1990 constitutes a violation of section 54.1:

18             (d) A violation of the right of an individual under the
              Americans with Disabilities Act of 1990 (Public Law 101-336)
19             also constitutes a violation of this section, and nothing in this
              section shall be construed to limit the access of any person in
20             violation of that act.

21           Civil Code §54.1(d)

22    54.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

23  within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

24  the defendants, and each of them, as prescribed by §§54 and 54.1. Each specific architectural

25  barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate

26  act in violation of §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal

27  access to defendants' NEW TIN'S MARKET. As a legal result, plaintiffs are entitled to seek

28  damages pursuant to California Civil Code §54.3(a) for each day on which they visited or have

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1  been deterred from visiting the market because of their knowledge and belief that the market is

2  inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

55.    On or about April 9, 2006, April 10, 2006, May 10, 2006, June 1, 2006, June 12, 2006, January 11, 2007, January 25, 2007, and February 1, 2007, plaintiff CRAIG YATES suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff CRAIG YATES was denied access to signage, parking, path of travel, and check out counter and other public facilities as stated herein at the NEW TIN'S MARKET and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

56.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, suffered violations of plaintiffs' civil rights. Further, Plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

57.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about April 9, 2006, April 10, 2006, May 10, 2006, June 1, 2006, June 12, 2006, January 11,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  2007, January 25, 2007, and February 1, 2007, and on a continuing basis since then, including
2  statutory damages, a trebling of all of actual damages, general and special damages available
3  pursuant to §54.3 of the Civil Code according to proof.

4      58.   As a result of defendants', and each of their, acts and omissions in this regard,
5  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
6  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
7  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
8  the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this
9  lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.
10  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to
11  plaintiffs, but also to compel the defendants to make their facilities accessible to all members of
12  the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing
13  party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

14      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

15 **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
     FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
16  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
17  benefit corporation and Against Defendants MEE FONG YU, SUNG TING SUNG
     SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC inclusive)
18  (Health & Safety Code §19955, *et seq.*)

19      59.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein,
20      the allegations contained in paragraphs 1 through 58 of this complaint.
21      60.   Health & Safety Code §19955 provides in pertinent part:

22      The purpose of this part is to insure that public accommodations or
     facilities constructed in this state with private funds adhere to the
23      provisions of Chapter 7 (commencing with Sec. 4450) of Division
     5 of Title 1 of the Government Code. For the purposes of this part
24      "public accommodation or facilities" means a building, structure,
     facility, complex, or improved area which is used by the general
25      public and shall include auditoriums, hospitals, theaters,
     restaurants, hotels, motels, stadiums, and convention centers.
26      When sanitary facilities are made available for the public, clients or
     employees in such accommodations or facilities, they shall be
27      made available for the handicapped.

28      61.   Health & Safety Code §19956, which appears in the same chapter as §19955,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1  provides in pertinent part, "accommodations constructed in this state shall conform to the
2  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
3  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
4  public accommodations constructed or altered after that date. On information and belief,
5  portions of the NEW TIN'S MARKET and/or of the building(s) were constructed and/or altered
6  after July 1, 1970, and substantial portions of the market or the building(s) had alterations,
7  structural repairs, and/or additions made to such public accommodations after July 1, 1970,
8  thereby requiring said market and/or building to be subject to the requirements of Part 5.5,
9  §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions
10  per Health & Safety Code §19959.

11    62.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
12  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
13  1982, Title 24 of the California Building Standards Code adopted the California State Architect's
14  Regulations and these regulations must be complied with as to any alterations and/or
15  modifications of NEW TIN'S MARKET and/or the building(s) occurring after that date.
16  Construction changes occurring prior to this date but after July 1, 1970 triggered access
17  requirements pursuant to the "ASA" requirements, the American Standards Association
18  Specifications, A117.1-1961. On information and belief, at the time of the construction and
19  modification of said building, all buildings and facilities covered were required to conform to
20  each of the standards and specifications described in the American Standards Association
21  Specifications and/or those contained in Title 24 of the California Building Standards Code.

22    63.    Markets such as the NEW TIN'S MARKET are "public accommodations or
23  facilities" within the meaning of Health & Safety Code §19955, *et seq.*

24    64.    As a result of the actions and failure to act of defendants, and as a result of the
25  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
26  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of
27  plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal
28  access to public facilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1    65.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

2  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

3  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

4  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

5  and to take such action both in plaintiffs' own interests and in order to enforce an important right

6  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all

7  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

8  §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

9  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

10  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

11  3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

12  party.

13    66.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

14  them, to make the subject place of public accommodation readily accessible to and usable by

15  persons with disabilities.

16    Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

17  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
    EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

18  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
    SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

19  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public

20  benefit corporation, and Against Defendants MEE FONG YU, SUNG TING SUNG
    SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC inclusive)

21  (Civil Code §51, 51.5)

22    67.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

23  the allegations contained in paragraphs 1 through 66 of this complaint.

24    68.    Defendants' actions and omissions and failure to act as a reasonable and prudent

25  public accommodation in identifying, removing and/or creating architectural barriers, policies,

26   practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

27  Unruh Act provides:

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1               This section shall be known, and may be cited, as the
Unruh Civil Rights Act.

2

3               All persons within the jurisdiction of this state are free and
equal, and no matter what their sex, race, color, religion, ancestry,
national origin, or **disability** are entitled to the full and equal
4  accommodations, advantages, facilities, privileges, or services in
all business establishments of every kind whatsoever.

5               This section shall not be construed to confer any right or
6  privilege on a person that is conditioned or limited by law or that is
applicable alike to persons of every sex, color, race, religion,
7  ancestry, national origin, or **disability.**

8               Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
9  modification of any sort whatsoever, beyond that construction,
alteration, repair, or modification that is otherwise required by
10  other provisions of law, to any new or existing establishment,
facility, building, improvement, or any other structure . . . nor shall
11  anything in this section be construed to augment, restrict, or alter in
any way the authority of the State Architect to require construction,
12  alteration, repair, or modifications that the State Architect
otherwise possesses pursuant to other . . . laws.

13               A violation of the right of any individual under the
14  Americans with Disabilities Act of 1990 (Public Law 101-336)
shall also constitute a violation of this section.

15  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the
16  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the
17  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or
18  failing to act to identify and remove barriers can be construed as a "negligent per se" act of
19  defendants, and each of them.

20        69.  The acts and omissions of defendants stated herein are discriminatory in nature
21  and in violation of Civil Code §51.5:

22               No business establishment of any kind whatsoever shall
23  discriminate against, boycott or blacklist, refuse to buy from, sell
to, or trade with any person in this state because of the race, creed,
24  religion, color, national origin, sex, or **disability** of the person or of
the person's partners, members, stockholders, directors, officers,
25  managers, superintendents, agents, employees, business associates,
suppliers, or customers.

26               As used in this section, "person" includes any person, firm
27  association, organization, partnership, business trust, corporation,
limited liability company, or company.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

2

3

4

5

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

6   70.   Defendants' acts and omissions as specified have denied to plaintiffs full and

7  equal accommodations, advantages, facilities, privileges and services in a business establishment,

8  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

9  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

10  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

11  Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate

12  the entirety of their above cause of action for violation of the Americans with Disabilities Act at

13  §38, *et seq.*, as if repled herein.

14   71.   As a legal result of the violation of plaintiff CRAIG YATES' civil rights as

15  hereinabove described, plaintiff CRAIG YATES has suffered general damages and bodily injury.

16  Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all to plaintiff's

17  damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG

18  YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including

19  trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general

20  damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according

21  to proof if deemed to be the prevailing party.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1    **PRAYER:**

2      Plaintiffs pray that this court award damages and provide relief as follows:

3    **I.**      **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
           **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4            **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**
           (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
5            EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
           corporation, and Against Defendants MEE FONG YU, SUNG TING SUNG
6            SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC, inclusive)
           (42 U.S.C. §12101, *et seq.*)

7          1.      For injunctive relief, compelling defendants MEE FONG YU, SUNG TING

8

9 SUNG SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC, inclusive, to

10 make the NEW TIN'S MARKET, located at 310 7th Street, Oakland, California, readily

11 accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to

12 make reasonable modifications in policies, practice, eligibility criteria and procedures so as to

13 afford full access to the goods, services, facilities, privileges, advantages and accommodations

14 being offered.

         2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

15 the prevailing party; and

16

         3.      For such other and further relief as the court may deem proper.

17

18 **II.**      **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
           **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
           **AND 54.3,** *ET SEQ.*
19            (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
           EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
20            corporation, and Against Defendants MEE FONG YU, SUNG TING SUNG
           SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC, inclusive)
21            (California Civil Code §§54, 54.1, 54.3, *et seq.*)

22          1.      For injunctive relief, compelling defendants MEE FONG YU, SUNG TING

23 SUNG SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC., inclusive, to

24 make the NEW TIN'S MARKET, located at 310 7th Street, Oakland, California, readily

25 accessible to and usable by individuals with disabilities, per state law.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2   each occasion on which plaintiffs were deterred from returning to the subject public

3   accommodation.

4     3.     Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

5   Procedure §1021.5, if plaintiffs are deemed the prevailing party;

6     4.     Treble damages pursuant to Civil Code §54.3;

7     5.     For all costs of suit;

8     6.     Prejudgment interest pursuant to Civil Code §3291;

9     7.     Such other and further relief as the court may deem just and proper.

10  **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
          EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
11  **AND 54.3, *ET SEQ.***
          (On Behalf of Plaintiff CRAIG YATES, and Against Defendants MEE FONG YU,
12        SUNG TING SUNG SUPERMARKET INC., P&L INTERNATIONAL TRADING CO.,
          INC inclusive),
13        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

14     1.     General and compensatory damages according to proof.

15  **IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
          SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
16  **§19955, *ET. SEQ.***
          (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
17        EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
          corporation, and Against Defendants MEE FONG YU, SUNG TING SUNG
18        SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC, inclusive)
          (Health & Safety code §19955, *et seq.*)
19        1.     For injunctive relief, compelling defendants MEE FONG YU, SUNG TING

20  SUNG SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC, inclusive,to

21  make the NEW TIN'S MARKET, located at 310 7th Street, Oakland, California, readily

22  accessible to and usable by individuals with disabilities, per state law.

23     2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or Civil

24  Code §55, if plaintiffs are deemed the prevailing party;

25     3.     For all costs of suit;

26     4.     For prejudgment interest pursuant to Civil Code §3291;

27     5.     Such other and further relief as the court may deem just and proper.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants MEE FONG YU, SUNG TING SUNG SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

**VI.** **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants MEE FONG YU, SUNG TING SUNG SUPERMARKET INC., P&L INTERNATIONAL TRADING CO., INC, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: 3/08/07, 2007        THOMAS E. FRANKOVICH
                            *A PROFESSIONAL LAW CORPORATION*


By: _____
        THOMAS E. FRANKOVICH
        Attorneys for Plaintiffs CRAIG YATES and DISABILITY
        RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
        HELPING YOU HELP OTHERS, a California public
        benefit corporation

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: 3/09/07, 2007        THOMAS E. FRANKOVICH
                            *A PROFESSIONAL LAW CORPORATION*


By: _____
        THOMAS E. FRANKOVICH
        Attorneys for Plaintiffs CRAIG YATES and DISABILITY
        RIGHTS, ENFORCEMENT, EDUCATION,
        SERVICES:HELPING YOU HELP OTHERS, a California
        public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

May 25, 2006

Manager
New Tins Market
310 7th St.
Oakland, CA 94607

Dear Manager:

I'm in your neighborhood quite a bit even though I live in Marin. I like Asian food and like your market. New Tins Market has a good selection of food. I use a wheelchair and there are some problems at the market. First, someone keeps blocking out the handicapped parking and there is often debris and the dumpster on it. Then the aisles in the market have too many boxes and things making it hard to or impossible to wheel down and select things. Lastly, the check out counter is too high to easily transact business from a wheelchair.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to New Tins Market once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

May 25, 2006

Owner of Building
New Tins Market
310 7th St.
Oakland, CA 94607

Dear Owner of Building for New Tins Market:

I'm in your neighborhood quite a bit even though I live in Marin. I like Asian food and like your market. New Tins Market has a good selection of food. I use a wheelchair and there are some problems at the market. First, someone keeps blocking out the handicapped parking and there is often debris and the dumpster on it. Then the aisles in the market have too many boxes and things making it hard to or impossible to wheel down and select things. Lastly, the check out counter is too high to easily transact business from a wheelchair.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to New Tins Market once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd, Unit 3
San Rafael, CA 94903

June 30, 2006

Manager
New Tins Market
310 7th St.
Oakland, CA 94607

Dear Manager of New Tins Market:

Hello, how are you? As you know, I wrote you on 5/25/06 about correcting all of your disabled access issues at New Tins Market. You know how hard it is to find parking places on the street. Most of the time, the disabled parking spaces on the street are taken. So this should be a priority.

Anyway, I'm enclosing my letter to you of 5/25/06. I didn't get a response. Would you send me a response this week?

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

June 30, 2006

Owner of Building
New Tins Market
310 7th St.
Oakland, CA 94607

Dear Owner of Building for New Tins Market:

Hello, how are you? As you know, I wrote you on 5/25/06 about correcting all of your disabled access issues at New Tins Market. You know how hard it is to find parking places on the street. Most of the time, the disabled parking spaces on the street are taken. So this should be a priority.

Anyway, I'm enclosing my letter to you of 5/25/06. I didn't get a response. Would you send me a response this week?

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

21
January 18, 2007

Manager
New Tins Market
310 7th St.
Oakland, CA 94607

Dear Manager of New Tins Market:

This is the last letter to both of you, the landlord and the tenant. I've come to the New Tins Market many times. I've written both of you about the parking problem for the disabled. It's not clear of boxes. It's faded. It doesn't have a sign. It's just not usable. I don't want to make a federal case out of this but what really got me was the fact that the Market burned down, you fixed it, but you didn't fix the parking. What gives?

I'm not the only person in a wheelchair that shops at New Tin. I see lots of other people in wheelchairs and walkers. Just fix it.

Send me a written agreement for all of us to sign that the handicap parking will go in. Fair enough, send it to me in the next two weeks or explain why you shouldn't have to do it. Enough is enough.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

2\

January 18, 2007

Owner of Building
New Tins Market
310 7th St.
Oakland, CA 94607

Dear Owner of Building for New Tins Market:

This is the last letter to both of you, the landlord and the tenant. I've come to the New Tins Market many times. I've written both of you about the parking problem for the disabled. It's not clear of boxes. It's faded. It doesn't have a sign. It's just not usable. I don't want to make a federal case out of this but what really got me was the fact that the Market burned down, you fixed it, but you didn't fix the parking. What gives?

I'm not the only person in a wheelchair that shops at New Tin. I see lots of other people in wheelchairs and walkers. Just fix it.

Send me a written agreement for all of us to sign that the handicap parking will go in. Fair enough, send it to me in the next two weeks or explain why you shouldn't have to do it. Enough is enough.

Sincerely,

Craig Yates

AO 440 (Rev. 10/93) SUMMONS in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES, an individual; and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION, SERVICES:HELPING
YOU HELP OTHERS, a California public benefit
corporation,

SUMMONS IN A CIVIL CASE

CASE NUMBER: C07- 1403- MJJ

V.

NEW TIN'S MARKET; MEE FONG YU; SUNG TING
SUNG SUPERMARKET, INC.; P&L INTERNATIONAL
TRADING CO., INC.

TO:

See service list attached

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Thomas E. Frankovich
THOMAS E. FRANKOVICH, APLC
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint
You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

## RICHARD W. WIEKING

MAR    9 2007

CLERK                                                          DATE

MARY ANN BUCKLEY

(BY) DEPUTY CLERK

1   THOMAS E. FRANKOVICH (State Bar No. 074414)
    THOMAS E. FRANKOVICH,
2   *A Professional Law Corporation*
    2806 Van Ness Avenue
3   San Francisco, CA 94109
    Telephone:    415/674-8600
4   Facsimile:    415/674-9900

5   Attorneys for Plaintiffs

6   and DISABILITY RIGHTS
    ENFORCEMENT, EDUCATION,
7   SERVICES: HELPING YOU
    HELP OTHERS

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                                              ) **CASE NO.**
    CRAIG YATES, an individual; and             ) **Civil Rights**
12  DISABILITY RIGHTS ENFORCEMENT,              )
    EDUCATION, SERVICES: HELPING                ) **COMPLAINT FOR INJUNCTIVE RELIEF**
13  YOU HELP OTHERS, a California public         ) **AND DAMAGES:**
    benefit corporation,                        )
14                                              ) **1st CAUSE OF ACTION:** For Denial of Access
             Plaintiffs,                        ) by a Public Accommodation in Violation of the
15                                              ) Americans with Disabilities Act of 1990 (42
    v.                                          ) U.S.C. §12101, *et seq.*)
16                                              )
    NEW TIN'S MARKET; MEE FONG YU;              ) **2nd CAUSE OF ACTION:** For Denial of Full
17  SUNG TING SUNG SUPERMARKET,                 ) and Equal Access in Violation of California
    INC.; P&L INTERNATIONAL TRADING             ) Civil Code §§54, 54.1 and 54.3
18  CO., INC.                                   )
                                                ) **3rd CAUSE OF ACTION:** For Denial of
19           Defendants.                        ) Accessible Sanitary Facilities in Violation of
                                                ) California Health & Safety Code §19955, *et seq*
20  _____)
                                                  **4th CAUSE OF ACTION:** For Denial of
21                                                Access to Full and Equal Accommodations,
                                                  Advantages, Facilities, Privileges and/or
22                                                Services in Violation of California Civil Code
                                                  §51, *et seq.* (The Unruh Civil Rights Act)
23

24

25                                                **DEMAND FOR JURY**

26

27

28

    COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                                        1

JS 44 - CAND (Rev  11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON PAGE TWO )

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, | NEW TIN's MARKET; MEE FONG YU; SUNG TING SUNG SUPERMARKET, INC.; P&L INTERNATIONAL TRADING CO., INC. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Marin County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.
Alameda County

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas E. Frankovich, APLC
2806 Van Ness Ave., S.F., CA 94109  (415) 674-8600

ATTORNEYS (IF KNOWN)

Unknown

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐1 U.S. Government Plaintiff

☒3 Federal Question
(U.S. Government Not a Party)

☐2 U S Government Defendant

☐4 Diversity
(Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒1 Original Proceeding  ☐2 Removed from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from Another district (specify)  ☐6 Multidistrict Litigation  ☐7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance<br>☐120 Marine<br>☐130 Miller Act<br>☐140 Negotiable Instrument<br>☐150 Recovery of Overpayment & Enforcement of Judgment<br>☐151 Medicare Act<br>☐152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐153 Recovery of Overpayment of Veteran's Benefits<br>☐160 Stockholders Suits<br>☐190 Other Contract<br>☐195 Contract Product Liability<br>☐196 Franchise | **PERSONAL INJURY**<br>☐310 Airplane<br>☐315 Airplane Product Liability<br>☐320 Assault Libel & Slander<br>☐330 Federal Employers Liability<br>☐340 Marine<br>☐345 Marine Product Liability<br>☐350 Motor Vehicle<br>☐355 Motor Vehicle Product Liability<br>☐360 Other Personal Injury | **PERSONAL INJURY**<br>☐362 Personal Injury Med Malpractice<br>☐365 Personal Injury Product Liability<br>☐368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐370 Other Fraud<br>☐371 Truth in Lending<br>☐380 Other Personal Property Damage<br>☐385 Property Damage Product Liability | ☐610 Agriculture<br>☐620 Other Food & Drug<br>☐625 Drug Related Seizure of Property 21 USC 881<br>☐630 Liquor Laws<br>☐640 RR & Truck<br>☐650 Airline Regs<br>☐660 Occupational Safety/Health<br>☐690 Other<br>**LABOR**<br>☐710 Fair Labor Standards Act<br>☐720 Labor/Mgmt Relations<br>☐730 Labor/Mgmt Reporting & Disclosure Act<br>☐740 Railway Labor Act<br>☐790 Other Labor Litigation<br>☐791 Empl.Ret Inc. Security Act | ☐422 Appeal 28 USC 158<br>☐423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐820 Copyrights<br>☐830 Patent<br>☐840 Trademark<br>**SOCIAL SECURITY**<br>☐861 HIA (1395ff)<br>☐862 Black Lung (923)<br>☐863 DIWC/DIWW (405(g))<br>☐864 SSID Title XVI<br>☐865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐870 Taxes (US Plaintiff or Defendant<br>☐871 IRS - Third Party 26 USC 7609 | ☐400 State Reapportionment<br>☐410 Antitrust<br>☐430 Banks and Banking<br>☐450 Commerce/ICC Rates/etc.<br>☐460 Deportation<br>☐470 Racketeer Influenced and Corrupt Organizations<br>☐480 Consumer Credit<br>☐490 Cable/Satellite TV<br>☐810 Selective Service<br>☐850 Securities/Commodities/Exchange<br>☐875 Customer Challenge 12 USC 3410<br>☐891 Agricultural Acts<br>☐892 Economic Stabilization Act<br>☐893 Environmental Matters<br>☐894 Energy Allocation Act<br>☐895 Freedom of Information Act<br>☐900 Appeal of Fee Determination Under Equal Access to Justice<br>☐950 Constitutionality of State Statutes<br>☐890 Other Statutory Actions |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐210 Land Condemnation<br>☐220 Foreclosure<br>☐230 Rent Lease & Ejectment<br>☐240 Torts to Land<br>☐245 Tort Product Liability<br>☐290 All Other Real Property | ☐441 Voting<br>☐442 Employment<br>☐443 Housing<br>☐444 Welfare<br>☐440 Other Civil Rights<br>☐445 Amer w/ disab - Empl<br>☐446 Amer w/ disab - Other | ☐510 Motion to Vacate Sentence Habeas Corpus<br>☐530 General<br>☐535 Death Penalty<br>☐540 Mandamus & Other<br>☐550 Civil Rights<br>☐555 Prison Condition |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION
UNDER F R.C.P. 23

DEMAND $ _____ CHECK YES only if demanded in complaint:
JURY DEMAND ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)  ☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE

DATE 3/8/07     SIGNATURE OF ATTORNEY OF RECORD