**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES, and individual; and
DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU
HELP OTHERS, a California public benefit
corporation,

               Plaintiff,

   v.

NEW TIN'S MARKET; MEE FONG YU;
SUNG TING SUNG SUPERMARKET, INC.;
P&L INTERNATIONAL TRADING CO., INC.

           Defendant.
                          /

No. C07-01403 MJJ

**ORDER GRANTING MOTION FOR
LEAVE TO AMEND**

**INTRODUCTION**

Before the Court is Plaintiffs' Motion for Leave to Amend.  (Docket No. 13.)  For the following reasons, the Court **GRANTS** the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Craig Yates ("Yates") and Disability Rights Enforcement, Education Services (collectively, "Plaintiffs") brought an action against Defendants Mee Fong Yu, Sung Ting Sung Supermarket, Inc., and P&L International Trading Co., Inc. (collectively, "Defendants") under the Unruh Civil Rights Act and California Disabled Persons Act.  Defendants own and operate New Tin's Market.  Plaintiffs seek injunctive relief and damages for Defendants' failure to remove architectural barriers that allegedly deny Yates, and a class of similarly situated persons with disabilities, full and equal access to New Tin's Market.

**United States District Court**
For the Northern District of California

1    In the operative Complaint, Plaintiffs allege that Yates was a patron at New Tin's Market on

2  eight specific occasions and encountered the alleged architectural barriers during each visit.  Since

3  filing the complaint, Yates has returned to New Tin's Market six additional times and has

4  encountered architectural barriers to access during each visit.  Plaintiffs now seek to amend the

5  Complaint to add these six new incidents.  Defendants Sun Tin Sung Supermarket, Inc. and P&L

6  International Trading Co., Inc. filed a notice of non-opposition to the motion.  (Docket No. 17.)

7  Defendant Mee Fong Yu did not file an Opposition.

8                                          **LEGAL STANDARD**

9    Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a

10  pleading once as a matter of course before a responsive pleading is served, after that the party may

11  amend the pleading only by leave of court or by written consent of the adverse party.  Additionally,

12  Rule 15(a) instructs the Court that, "leave shall be freely granted when justice so requires."  The

13  Supreme Court has made it clear that courts are to carefully heed this mandate.  *See Foman v. Davis*,

14  371 U.S. 178, 182 (1962).  Moreover, "[t]his liberality in granting leave to amend is not dependent

15  on whether the amendment will add causes of action or parties."  *DCD Programs, Ltd. v. Leighton*,

16  833 F.2d 183, 186 (9th Cir. 1987).  In determining whether to grant leave to amend, the Court

17  considers the following factors: (1) whether the movant unduly delayed in bringing the motion; (2)

18  evidence of bad faith or dilatory motive on the part of the movant; (3) the movant's repeated failure

19  to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of

20  amendment.  *Id.*  Generally, the court engages in this analysis with all inferences in favor of granting

21  the motion.  *See Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  While each of

22  these factors is relevant to determining the propriety of leave to amend, the crucial factor is the

23  resulting prejudice to the opposing party.  *See Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190

24  (9th Cir. 1973).  "Absent prejudice, or a strong showing of any of the remaining factors, there exists

25  a presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital, LLC v.*

26  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Thus, if the party opposing the motion fails to

27  establish any of these factors, "the leave sought should, as the rules require, be 'freely given.'"

28  *Foman*, 371 U.S. at 182.

2

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANALYSIS**

Plaintiffs seek to amend the Complaint to add allegations regarding the architectural barriers Yates encountered during six visits he made to New Tin's Market since the filing of the Complaint. The interests of judicial economy are best served by granting this Motion. Plaintiffs' amendments will not alter the substantive issues in the case. Instead, the amendments will allow Plaintiffs' potential causes of action to be remedied through a single proceeding. In addition, the Court notes that none of the *DCD Programs* factors weigh in favor of denying Plaintiffs' Motion to Amend. *See DCD Programs*, 833 F.2d at 186. Furthermore, the crucial factor to be considered is the resulting prejudice to the opposing party. *See Howey*, 481 F.2d at 1190. Defendants do not assert, nor does the Court perceive, a risk of prejudice to Defendants. The Court therefore **GRANTS** Plaintiff's Motion.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion and **VACATES** the November 6, 2007 hearing in this matter. Plaintiff shall have 30 days from the entry of this Order to file an amended complaint.

**IT IS SO ORDERED.**

Dated: October 31, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

3